IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PAUL SCHOOLEN,              ) | |
| ) | |
| Plaintiff,              ) | No. _____ |
| ) | |
| vs.              ) | |
| ) | **COMPLAINT AND JURY DEMAND** |
| INTERSTATE CHEMICAL   ) | |
| COMPANY, INC.,          ) | |
| ) | |
| Defendant.              ) | |

COMES NOW plaintiff, Paul Schoolen, by and through his attorneys, McDonald, Woodward & Carlson, P.C., and for his Complaint and Jury Demand, states as follows:

1. Plaintiff Paul Schoolen is a citizen and resident of Taylor Ridge, Rock Island County, Illinois. Plaintiff was born on xx/xx/1960.

2. Defendant Interstate Chemical Company (hereinafter "Interstate") is a corporation incorporated under the laws of the State of Pennsylvania and authorized to do business in the State of Illinois with its corporate headquarters in Hermitage, Pennsylvania.

3. Jurisdiction of this act is based on diversity of citizenship and on the fact that the value of plaintiff's claim is greater than $75,000.00.

4. Paul began his employment with Interstate as a driver in July, 2002.

5. On February 1, 2013, Paul underwent quintuple bypass surgery and began FMLA leave from his employment at Interstate.

6. On May 20, 2013, Paul was released to return to work by his cardiologist.

7. On May 22, 2013, defendant sent Paul to Concentra to obtain a medical examiner's certificate since his was expiring on June 6, 2013.

1

8. On May 22, 2013, Paul was examined by Dr. Dunbar at Concentra and passed the examination. However, Dr. Dunbar requested that Paul be examined by a general surgeon regarding an umbilical hernia which he had had for years. Until Paul could be seen and cleared by a general surgeon, Paul was placed on a thirty (30) pound weight restriction.

9. Paul scheduled an appointment with a general surgeon, Dr. Haas, for June 3, 2013.

10. On May 22, 2013, Paul returned to work after his appointment at Concentra and informed his supervisor of the weight restriction. Paul continued to work for the remainder of the day.

11. On May 22, 2013, Paul called the dispatcher to find out what he should do for work the next day. The dispatcher told Paul that they could not use him because of his weight restriction.

12. Per the dispatcher's instruction, Paul did not return to work.

13. In a letter dated May 29, 2013, Paul was informed by defendant that he was terminated for not being cleared by the DOT physician.

14. Paul timely filed a complaint regarding the matters stated herein with the Equal Employment Opportunity Commission. He has requested and received an administrative release from the EEOC, attached hereto as Exhibit 1. Paul filed this Complaint and Jury Demand within ninety (90) days of receiving such "right-to-sue" letter.

## COUNT I-DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

15. Paul incorporates paragraphs 1 through 14 as if fully set forth herein.

16. At all times material hereto, defendant Interstate was an "employer" as defined in 29 U.S.C. 630(b) and 42 U.S.C. 12111(5).

17. At all times material hereto, Paul was an "employee" within the definition of 29 U.S.C. 630(f) and a qualified individual with a disability within the definition of 42 U.S.C. 12111(8).

18. Defendant Interstate failed to accommodate Paul, failed to engage in an interactive process to determine reasonable accommodations and terminated Paul's employment because of his physical disabilities which constituted illegal discrimination against a qualified individual with a disability and therefore violated 42 U.S.C. 12112.

19. Defendant Interstate failed to accommodate Paul's disability in violation of 42 U.S.C. Sec. 12101 *et seq.*

20. As a proximate result of defendant's acts, Paul has in the past and will in the future suffer mental and emotional harm and anguish, humiliation, embarrassment, anxiety, fear, inconvenience, loss of enjoyment of life, despair, dejection, discouragement, degradation, disgrace, aggravation, uncertainty, apprehensiveness, exasperation, grief, despondency, restlessness, confusion, dismay, tension and unease, and has in the past and will in the future suffer loss of wages and benefits, loss of earning capacity and other emoluments of employment.

21. Defendant's failure and refusal to accommodate Paul's disability, and terminating Paul's employment because of his physical disabilities was intentional or in reckless disregard to Paul's rights and thereby gives rise to punitive damages as provided by law.

WHEREFORE, plaintiff requests judgment against defendant in an amount which will fully and fairly compensate him for his injuries and damages, for interest as allowed by law, for

attorney's fees, for the costs of this action and for such other and further relief as may be just in the circumstances.

### COUNT II-AGE DISCRIMINATION IN EMPLOYMENT ACT

22. Paul incorporates paragraphs 1 through 21 as if fully set forth herein.

23. Upon information and belief, defendant is and was at all times herein an employer with the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

24. Defendant's stated reason for Paul's termination, that he did not pass the DOT physical is false and is a pretext for age discrimination.

25. Defendant is and was at all times under a duty to conduct and implement its personnel decisions in a nondiscriminatory manner without regard to age.

26. Despite this duty, defendant discriminated against Paul by terminating him based on his age.

27. The foregoing conduct constituted unlawful age discrimination in violation of 29 U.S.C. § 621 et seq.

28. The foregoing facts constituted a "willful" violation of 29 U.S.C. § 621 in that defendant, through its agents, either knew or showed reckless disregard for the matter of whether its conduct was prohibited by 29 U.S.C. § 621 et seq.

WHEREFORE, plaintiff requests judgment against defendant in an amount which will fully and fairly compensate him for his injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action and for such other and further relief as may be just in the circumstances.

## JURY DEMAND

COMES NOW plaintiff, Paul Schoolen, by his attorneys, McDonald, Woodward & Carlson, P.C., and hereby demands trial by jury on all issues so triable in the above-captioned matter.

McDONALD, WOODWARD & CARLSON, P.C.

By ___/s/Heather L. Carlson_____
    Heather L. Carlson     141333

3432 Jersey Ridge Road
Davenport, Iowa 52807
Telephone:  563/355-6478
Facsimile:  563/355-1354
Email:  hcarlson@mwilawyers.com

ATTORNEYS FOR PLAINTIFF